UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY V. NEWCOM,

          Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/

Civil Action No.: 19-13745
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

### REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 13, 15]

Plaintiff Timothy Newcom appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 15] be **GRANTED**;
- Newcom's motion [ECF No. 13] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

   A.  **Newcom's Background and Disability Applications**

Born in June 1960, Newcom was 54 years old at the time of his alleged onset date in May 2015.  [ECF No. 11, PageID.101].  He applied for DIB in March 2016.  [*Id.*, PageID.46].  Newcom had previous work as a skip tracer.  [*Id.*, PageID.57].  He claimed to be disabled from traumatic brain injury (TBI), arthritis in knees and shoulders, history of third-degree burns, and sleep apnea.  [*Id.*, PageID.102].

After the Commissioner denied his disability application initially, Newcom requested a hearing, which took place in June 2018, and during which he and a vocational expert (VE) testified.  [*Id.*, PageID.62-100].  In a November 2018 written decision, the ALJ found Newcom not disabled.  [*Id.*, PageID.46-57].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Newcom timely filed for judicial review.  [*Id.*, PageID.32-34; ECF No. 1].

   B.  **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[1]  *Id*.  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*.  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id*.  At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work.  *Id*.  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

3

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Newcom was not disabled. At the first step, she found that he had not engaged in substantial gainful activity since May 2015.[2] [ECF No. 11, PageID.48]. At the second step, the ALJ found that Newcom had the severe impairments of "residuals of head injury, obesity, lower extremity cellulitis, and degenerative joint disease/osteoarthritis." [*Id.*, PageID.49]. The ALJ determined that Newcom's cardiac dysrhythmias, dilated cardiomyopathy, hypertension, and obstructive sleep apnea were non-severe impairments. [*Id.*]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, PageID.49-50].

Between the third and fourth steps, the ALJ found that Newcom had the RFC

> to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except he requires a cane for ambulation. [He] can never kneel, crawl, or operate foot controls; can occasionally stoop, crouch, and balance; occasionally climb ramps or stairs. [He] should never perform overhead level reaching. [He] must avoid exposure to more than moderate noise and more than office

---

[2] The ALJ determined that Newcom's attempt to return to work selling door-to-door did not rise to the level of substantial gainful activity. [ECF No. 11, PageID.48-49].

    level lighting.  [He] must avoid exposure to unprotected heights and dangerous moving machinery.

[*Id.*, PageID.50].  At step four, the ALJ found that Newcom could perform his past relevant work as a skip tracer.  [*Id.*, PageID.57].  The ALJ thus concluded Newcom was not disabled.  [*Id.*].

## II.    ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Newcom argues that the ALJ's step four finding is legally insufficient and unsupported by substantial evidence.  He also contends that the ALJ's RFC finding ignores his cognitive limitations and is thus also unsupported

by substantial evidence. [ECF No. 13, PageID.653-657]. The Court disagrees and recommends that the ALJ's decision be affirmed.

## B.

At step four, an ALJ considers the claimant's ability to perform past relevant work. "The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally sufficient for a finding of 'not disabled.'" SSR 82-62, 1982 WL 31386 (Jan. 1, 1982). The ALJ must carefully consider the claimant's past work experience to ensure that the available facts support a conclusion about the claimant's ability to perform the functional activities required for that prior work. *Id.* To prove that a claimant can perform work that is available in the national economy, the ALJ may rely on the VE's testimony. *Kendrick v. Astrue*, 886 F. Supp. 2d 627, 638-39 (S.D. Ohio 2012).

Newcom challenges the ALJ's finding that he could return to his past work as a skip tracer. [ECF No. 13, PageID.653-654]. He notes that the hypothetical the ALJ posed to the VE included a 30-minute sit/stand option, but the RFC that the ALJ incorporated into her decision included no sit/stand option. [*Id.*, PageID.653; ECF No. 11, PageID.50, 93]. Thus,

6

Newcom argues, the ALJ did not confirm through the VE testimony that the RFC used in the ALJ's decision would allow him to work as a skip tracer. [ECF No. 13, PageID.653].  This argument lacks merit.

It is true that, for the VE's testimony in response to a hypothetical to serve as substantial evidence that a claimant can perform other work, "the [hypothetical] question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).  But Newcom does not argue that the hypothetical posed to the VE failed to adequate describe his impairments; he argues that the RFC stated in the ALJ's decision was not as restrictive as the hypothetical.  This argument fails because remand is unnecessary when the hypothetical posed to the VE is more limiting than the RFC in the decision.  *Lewis v. Saul*, 2019 WL 3228632, at *5 (July 1, 2019) (citing *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005).

And "[w]hen 'remand would be an idle and useless formality,' courts are not required to 'convert judicial review of agency action into a ping-pong game.'"  *Kobetic v. Comm'r of Soc.Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004) (quoting *NLRB v. Wyman-Gordon Co.,* 394 U.S. 759, 766 n. 6 (1969).  Remand is not required unless there is reason to believe that it might lead to a different result.  *Id.*

The ALJ's finding that Newcom could return to his past work as a skip tracer is supported by the VE's testimony in response to a hypothetical that included the sit/stand option. [ECF No. 11, PageID.93]. The ALJ's omission of that sit/stand option in her decision does not create reversible error.

### C.

Newcom also argues that the ALJ erred in her step four finding because the VE testified that the skip tracer job requires frequent reaching, but the hypothetical called for no reaching overhead. [ECF No. 13, 654-655]. He contends that, under the Dictionary of Occupation Titles (DOT), the skip tracer job requires frequent reaching, which means "extending hands and arms in any direction," including overhead. [ECF No. 11, PageID.653-654 (citing SSR 85-15, 1985 WL 56857 (Jan. 1, 1985))]. Newcom argues that the ALJ failed to resolve the conflict between the VE's testimony that he could perform work as a skip tracer and the DOT requirement for overhead reaching.

The transcript of the hearing discussion about the reaching required for a skip tracer job is somewhat confusing. The ALJ presented the VE with the hypothetical RFC including "no over shoulder level reaching." [ECF No. 11, PageID.93]. The VE testified that Newcom could perform the

work of a skip tracer "per the DOT." [*Id*.]. The ALJ asked the VE whether her testimony was consistent with the DOT, and the VE's response was partially inaudible. [*Id*., PageID.94]. Newcom's attorney later asked the VE about the frequent reaching that the skip tracer job "requires" under the DOT, and the VE responded that a limitation to only occasional reaching would be job preclusive. [*Id*., PageID.96]. The ALJ then reiterated that her hypothetical to the VE had included no overhead reaching. [*Id.*, PageID.97]. The attorney responded that his question to the VE was about "straight reaching," not overhead. [*Id.*, PageID.97]. During this part of the hearing, the ALJ, attorney, and VE spoke over one another. [*Id*.]. The transcript shows the VE as saying, "He's on . . ." and "He didn't designate"; it is unclear what the VE meant. [*Id*.]. But those present seemed to understand each other—the ALJ said "[g]otcha" and they moved on. [*Id*.]. Despite the unclear portions of this discussion, the VE questionably testified that Newcom could perform work as a skip tracer with a limitation to no overhead reaching. [*Id*., PageID.93].

Newcom bears the burden of showing that his impairments prevent him from performing his past relevant work as a skip tracer. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009). He makes no effort to meet this burden; he does not argue that he could not work as a

skip tracer without reaching overhead. Newcom instead argues that the ALJ committed reversible error by failing to resolve the alleged conflict between the VE's testimony and DOT. [ECF No. 13, PageID.654].

Newcom cites SSR 00-4P, which says that VE testimony "generally should be consistent" with the DOT and that the ALJ must "elicit a reasonable explanation" for a conflict. 2000 WL 1898704 (Dec. 4. 2000). The ALJ did not violate this rule. The VE described the skip tracer job as conducting interviews by telephone and written correspondence, and preparing reports. [ECF No. 11, PageID.96]. That description is generally consistent with the definition of a skip tracer in the DOT. DOT # 241.367-026, 1991 WL 672255. "[I]t is not uncommon for a litigant to discover minor discrepancies between DOT descriptions and a vocational expert's testimony, and the Sixth Circuit has made clear that such variations will rarely provide grounds for remand." *Frommel v. Comm'r of Soc. Sec.*, No. 1:14-CV-522, 2015 WL 3970147, at *5 (S.D. Ohio June 10, 2015), *adopted*, 2015 WL 3970154 (S.D. Ohio June 30, 2015).

And the ALJ was not bound by the specific description of the skip tracer position in the DOT; she could rely on the VE testimony that Newcom could perform work as a skip tracer without reaching overhead. *Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008). At bottom,

Newcom does not meet his burden of showing that his impairments precluded him from performing that past relevant work.

### D.

Newcom asserts that the ALJ's most significant error was failing to include enough limitations in his RFC to address the residual symptoms of his 2015 head injury. [ECF No. 13, PageID.654-657]. A claimant always bears the burden to show that additional RFC limitations were required beyond those found by the ALJ. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). Newcom does not meet this burden.

Newcom cites the records of Cheryl Natzke, his occupational therapist, and the records and testimony of his neurologist Margaret Frey, D.O., to support his contention that he suffered moderate impairment in simple, intermediate, and complex problem solving, and that he had difficulty with focus and sustaining attention. [ECF No. 13, PageID.648-652]. The ALJ discussed those records and noted that "there [was] no medical evidence supporting any ongoing cognitive issues or deficits" after he completed occupational therapy, less than eight months from the alleged onset date. [ECF No. 11, PageID.52-56]. Newcom neither challenges the ALJ's conclusion that his cognitive deficiencies were resolved in less than 12 months, nor cites later evidence suggesting the

11

persistence of his cognitive dysfunction. [ECF No. 13, PageID.655 (citing ECF No. 11, PageID.357, 359, 361, 364, 367, 371, 409, 494-495, 511-515, 527-530, 545-552)].

And Newcom's argument that the medical records and his statements about his symptoms call for a more restrictive RFC is simply an invitation for the Court to reweigh the evidence relied on by the ALJ. [ECF No. 13, PageID.654-656]. The Court lacks the authority to reweigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013). "The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Id.*

Newcom has not satisfied his burden to show the need for additional RFC limitations, and the ALJ's decision should be affirmed.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 15] be **GRANTED**; that Newcom's motion [ECF No. 13] be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

|  |  |
|---|---|
| Dated: February 11, 2021 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

13

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2021.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager