UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY V. NEWCOM**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY**, <br><br> Defendant. | 2:19-CV-13745 <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

This case is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation of February 11, 2021, ECF No. 16, recommending that Plaintiff's Motion for Summary Judgment, ECF No. 13, be denied, Defendant's Motion for Summary Judgment, ECF No. 15, be granted, and the Commissioner of Social Security's decision be affirmed.

Following the Court's review of Magistrate Judge Stafford's Report and Recommendation and Plaintiff's objections thereto, Plaintiff's objections are **OVERRULED**. The Report and Recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. The decision of the Commissioner in denying Plaintiff's applications for disability insurance benefits under the Social Security Act is **AFFIRMED**.

1

Plaintiff filed timely objections to Magistrate Judge Stafford's February 11, 2021 Report and Recommendation. ECF No. 17. Defendant replied to the objections on March 2, 2021. ECF No. 18. This Court reviews de novo parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). In the course of a de novo review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

Here, the Court concludes that Plaintiff's objections do not warrant reaching a conclusion contrary to the Administrative Law Judge ("ALJ") or the Magistrate Judge's Report and Recommendation.

## I.  Background

Plaintiff Timothy V. Newcom filed an application for disability insurance benefits in May 2015. ECF No. 16, PageID.691. He was 54 years old at the time of his alleged onset date. *Id*. The Commissioner denied his disability application, and Plaintiff requested a hearing, which was held in June 2018. *Id*. At the hearing, Plaintiff and a Vocational Expert testified. *Id*. In November 2018, the ALJ released a written decision concluding that Plaintiff was not disabled under the traditional five-step framework. 20 C.F.R. §q 404.1520(a)(4). The ALJ further concluded that Plaintiff had the residual functioning capacity ("RFC"):

2

> [T]o perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except he requires a cane for ambulation. [He] can never kneel, crawl, or operate foot controls; can occasionally stoop, crouch, and balance; occasionally climb ramps or stairs. [He] should never perform overhead level reaching. [He] must avoid exposure to more than moderate noise and more than office level lighting. [He] must avoid exposure to unprotected heights and dangerous moving machinery.

ECF No. 11, PageID.50.

Plaintiff requested review from the SSA Appeals Council; the Appeals Council declined to review the ALJ's decision. ECF No. 11, PageID.32-34.

## II.   Legal Standard

The ALJ's decision stands as the Commissioner's final decision where, as here, the SSA's Appeals Council denies review. *See* C.F.R. § 404.981. In such circumstances, federal district courts may conduct limited judicial review of the Commissioner's disability determination. 42 U.S.C. § 405(g). The scope of that judicial review is circumscribed in that the reviewing district court "must affirm the Commissioner's conclusion absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F..3d 591, 595 (6th Cir. 2005).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass*, 499 F.3d at 509. (quotation marks omitted). This substantial evidence standard is less exacting than the preponderance of the evidence standard. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). ("Substantial evidence…is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Satisfying the substantial evidence standard does not require finding that a decision for the other party would be unreasonable. Instead, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509. The claimant bears the burden of proving that he requires a more restrictive RFC than that assessed by the ALJ. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Sentence Six of the Act permits remand only when a later adjudicator is presented with "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The claimant also bears the burden of proving that remand for consideration of new evidence is warranted. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2002).

### III. Discussion

The Court finds that reversal of the ALJ's decision is not warranted in this case because the ALJ's decision applied the correct legal standard and was supported by substantial evidence. The Court further finds that remand to the ALJ under Sentence Six is not warranted because Plaintiff has not shown that new evidence is material. Plaintiff raises five objections to the Report and Recommendation. The Court addresses each objection in turn.

### a. Objection No. 1

Plaintiff's first objection concerns the Magistrate Judge's agreement with the ALJ's assessment that, under Step Four of the agency's five-step analysis, Plaintiff is able to return to his past relevant work as a skip tracer[1] and was not disabled. ECF No. 17, PageID.704-05. Although Plaintiff is required to articulate specific objections to the Report and Recommendation, he merely quotes at length from the proceedings where the ALJ questioned the Vocational Expert about the effect of reaching limitations on the ability to perform the skip tracer occupation.

---

[1] "Skips" are debtors who "change residence without notifying creditors to evade payment of bills." Dictionary of Occupational Titles, #241.367-026, 1991 WL 672255. A "skip tracer" is one who performs the task of locating the whereabouts of debtor or fugitive who is being sought. ECF No. 15, PageID.663; ECF No. 18, PageID.722

At Step Four, the claimant bears the burden to show that he cannot perform any past relevant work. *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990). The claimant may satisfy this burden by showing that he cannot perform his past relevant work either as actually performed or as generally performed. Social Security Ruling, 82-61, 1982 WL 31387, at *2 (1982). Here, the ALJ concluded that Plaintiff did not meet his Step Four burden after questioning of a Vocational Expert. ECF No. 11, PageID.93. The ALJ learned about the effect of reaching limitations on the ability to perform the skip tracer occupation. Id. at PageID.96-97. Because the ALJ may make such a determination based on Plaintiff's actual performance, or as in the case here, how the work may be generally performed, that is sufficient to satisfy the "substantial evidence" standard. For this reason, the Court will not overrule the Report and Recommendation.

Moreover, even if the "substantial evidence" standard were not met here, this objection would be deemed waived. That is because Plaintiff references arguments he made in his motion for summary judgment before the ALJ without explaining how the Magistrate Judge failed to consider them or how these arguments demonstrate that the ALJ's determination is "unsupported by substantial evidence." Such deficient argumentation under the present standard of review renders Plaintiff's first objection waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)

(holding that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection is filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. 2016).

### b. Objection No. 2

Plaintiff's second objection relates "to the Magistrate Judge's Report and Recommendation at Page 8, regarding SSR 85-15 [which] rules the following about reaching under (2.) Postural-Manipulative Impairments." ECF No. 17, PageID.713. The second objection goes on to quote subsection (c) of that provision and then, without analysis, concludes that the ALJ violated its Social Security Ruling ("SSR") holdings under 20 C.F.R. § 402.35(b)(1), which states that SSR holdings "are binding on all components of the Social Security Administration."

But Magistrate Judge Stafford's analysis relied on the fact that Plaintiff "bears the burden of showing that his impairments prevent him from performing his past relevant work as a skip tracer." ECF No. 16, PageID.698-99. The Report and Recommendation even clarified that Plaintiff's argument missed this mark because he "instead argues that the ALJ committed reversible error by failing to resolve the alleged conflict between the VE's testimony and DOT." *Id.* at PageID.699.

7

Plaintiff commits the same error in his second objection. In any event, in order for Plaintiff's objection to be successful, he must prove that this finding was not based on "substantial evidence" or application of the incorrect legal standard. Pointing out a possible contradiction between the VE's testimony and the DOT regarding the definition of reaching limitations does nothing to negate a finding that the ALJ's conclusion was based on "substantial evidence." Moreover, a contradiction in the factual record does not also relate to whether the ALJ applied the correct legal standard. In any event, Plaintiff's second objection lacks specificity in its analysis such that it is also waived. *See Miller*, 50 F.3d at 380.

### c. Objection No. 3

For his third objection, Plaintiff disputes Magistrate Judge Stafford's conclusion that Plaintiff "did not argue that he could not work as a skip tracer without reaching overhead." ECF No. 16, PageID.698-99 (citing ECF No. 11, PageID.234). Furthermore, Plaintiff contends that the ALJ's decision in concluding that Plaintiff "can do no over shoulder level reaching in his RFC" was not harmless. ECF No. 17, PageID.714. It was not harmless because the Vocational Expert's testimony "conflicts with the companion publication to the DOT, and the reasoning above is flawed." *Id.* at PageID.713-14. Plaintiff also points to the fact that his work history establishes that he spent two hours per workday reaching

8

when he worked as a skip tracer. ECF No. 17, PageID.714 (citing ECF No. 11, PageID.234).

This objection must also fail. Plaintiff bears the burden of establishing that his impairments prevent him from performing his past relevant work as a skip tracer as actually or generally performed. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009); *see also* SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982). Here, it is not enough that Plaintiff points out that the ALJ's conclusion was contrary to law because he offered evidence of his actual performance. That is because, in a Step Four inquiry, if a claimant can perform past relevant work either as actually performed *or* as generally performed, then he is not disabled. SSR-82-61, 1982 WL 31387, at *2 (January 1, 1982). (emphasis added). And here, Plaintiff merely disputes that the ALJ's conclusion was erroneous because Plaintiff offered evidence of how he actually performed. ECF No. 17, PageID.714. But Social Security Rulings law allows the ALJ to make determinations based on a finding that a claimant could perform the job as it is generally performed. Therefore, there is no inconsistency between the Vocational Expert's findings, the companion publication to the DOT, and the ALJ's determination. For this reason, Plaintiff's third objection will not be sustained.

### d. Objection No. 4

Plaintiff's fourth objection relates to Magistrate Judge Stafford's finding that "the ALJ was not bound by the specific description of the skip tracer position in the DOT" because the ALJ could "rely on the VE testimony that Newcom could perform work as a skip tracer without reaching overhead." ECF No. 17, PageID.715 (citing ECF No. 16, PageID.699-700). Plaintiff asserts that the ALJ is bound to the definition in the DOT because "the VE testified that the RFC given by the ALJ conformed to the DOT requirements." ECF No. 17, PageID.715. But in actuality, the RFC given by the ALJ did not consider a skip tracer's need to frequently reach. *Id.*

In the Sixth Circuit, the ALJ and consulting VEs "are not bound by the Dictionary [DOT] in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." *Conn v. Sec'y of Health & Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995); *see also Ledford v. Astrue*, 311 Fed. App'x 746, 757 (6th Cir. 2008). This rule holds that the ALJ may make determinations based on VE testimony without having to consult the DOT. That is what happened here. As such, the ALJ made a conclusion based on "substantial evidence." For this reason, Plaintiff's fourth objection must be rejected.

### e. Objection No. 5

For his fifth and final objection, Plaintiff argues that Magistrate Judge Stafford erred when she concluded that Plaintiff did not meet the burden of showing "that additional RFC limitations were required beyond those found by the ALJ." ECF No. 17, PageID.715-16 (citing ECF No. 16, PageID.700-701). Plaintiff offers proof in the form of "testimony under oath by the plaintiff's board-certified neurologist, Margaret Frey DO," who confirmed Plaintiff's headaches occur on a daily basis and continues to limit his ability to work. *Id.* at PageID.716. In addition, Plaintiff contends that the light of the computer screen used by skip tracers aggravates headaches and renders him unable to focus on his tasks.

A district court sitting in § 405(g) review "is not to reweigh the evidence. That is solely the providence of the Secretary." *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 473 (6th Cir. 1982). Instead, courts "must determine if there is present here 'such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Here, the ALJ decided about Plaintiff's RFC after reviewing the evidence before it. After such review, the ALJ concluded that he was not disabled for the purposes of a Step Four analysis even after considering his residual symptoms that continues to persist. Now Plaintiff attempts

11

to offer proof of his condition in the form of personal testimony, as well as from his treating neurologist, Dr. Frey. ECF No. 17, PageID.716. Such weighing of the evidence after the ALJ and the Magistrate Judge made their determinations is not appropriate here.

The proper inquiry before this Court is whether the ALJ's and Magistrate Judge's determinations were made with "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *See Richardson*, 402 U.S. at 401. In other words, "substantial evidence." The Court finds that there was substantial evidence. *See* ECF No. 11, PageID.51-56. Moreover, the record reflects that the ALJ did consider the very evidence that Plaintiff once again offers in his objection. ECF No. 13, PageID.655.

Yet the ALJ concluded that Plaintiff's cognitive deficiencies did not rise to the level of a disability for a period greater than twelve months. *See Barnhart v. Walton*, 535 U.S. 212, 222-23 (2002) (The Social Security Act's "'12 month' duration requirements apply to both the 'impairment' and the 'inability' to work requirements."). It would thus be inappropriate under § 405(g) review for the Court to disturb the ALJ's determination of the weight of such evidence. Plaintiff's fifth objection must be overruled.

## CONCLUSION

For all the reasons above, Plaintiff's objections do not identify reasons to decline adopting Magistrate Judge Stafford's Report and

Recommendation. As such, the Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Stafford's Report Recommendation of February 11, 2021, ECF No. 16, as this Court's findings of fact and conclusions of law.

It is **FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: March 24, 2021          s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE